# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-00595-SCT

*NOAH KEWON BRADFORD a/k/a NOAH*
*BRADFORD a/k/a NOAH K. BRADFORD a/k/a*
*NOAH KEYON BRADFORD a/k/a NOAH KEON*
*BRADFORD*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/15/2023 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF, III |
| TRIAL COURT ATTORNEYS: | HEATHER MARIE ABY |
| | CODY WILLIAM GIBSON |
| | BRAD MARSHALL HUTTO |
| | RANDALL HARRIS |
| | KATIE NICOLE MOULDS |
| | JOHN K. BRAMLETT, JR. |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY:  GEORGE T. HOLMES |
| | ZAKIA BUTLER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/15/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.    A Madison County jury convicted Noah Bradford of the armed robbery of a hotel

attendant under Mississippi Code Section 97-3-79 (Rev. 2020).  The circuit court sentenced

him to fifty years, with ten years suspended.

¶2.    On appeal, Bradford's attorney submitted a brief in accordance with ***Lindsey v. State***, 939 So. 2d 743 (Miss. 2005), stating that after a thorough and diligent examination of the record, no arguable issues for review were found.  Bradford was given the opportunity to submit a pro se brief, but he did not.  After reviewing the record, the Court finds no error.  Therefore, the judgment is affirmed.

## FACTS

¶3.    On the morning of May 28, 2021, Juanita Durham called 911 to report a robbery at the Staybridge Hotel in Ridgeland, Mississippi.  Durham, who was the front desk attendant at Staybridge, had just begun her shift that day.  She described the suspect as a tall, skinny black male dressed in dark clothing and a mask, a description that was confirmed by surveillance footage.  Durham testified that the suspect entered the hotel, jumped over the counter, pulled out a handgun, and asked her for the cash.  She showed him where the money was kept, and after taking it, he left when she told him there was no more cash on the premises.

¶4.    Investigators used video surveillance footage from Staybridge and other nearby businesses to identify the suspect's vehicle.  It was an older white Pontiac Grand Am, missing a passenger rear-view mirror and spoiler.  Instead of a car tag, it displayed a distinctive plastic strip in the designated tag area and had several noticeable dents and paint chips along the passenger side.  The surveillance videos also showed the suspect walking toward Staybridge without a mask.

¶5.    After an alert was issued to locate the car, Officer Ryan Edwards of the Flowood Police Department informed investigators that he had recently stopped the vehicle. Using his records, investigators traced the car back to Bradford, who had sold it the day after the robbery.

¶6.    Upon identifying Bradford as the suspect, investigators arrested him and searched his apartment, pursuant to valid warrants. During the search, they recovered his cell phone and clothing matching clothing seen in the surveillance video. Additionally, hidden in the tank of Bradford's toilet, they found a Taurus handgun, which matched the handgun in the video, including a distinctive silver ejection chamber. Other handguns were also found in the apartment, but they had been left out in the open.

¶7.    Investigators obtained cell tower ping information from Bradford's cellphone, indicating that his phone connected to towers near Staybridge on the morning of the robbery. Additionally, photos found on Bradford's device showed him with the handgun a week before the robbery.

## DISCUSSION

¶8.    In *Lindsey v. State*, 939 So. 2d 743, (Miss. 2005), the Court established the procedure that appellate counsel must follow when they believe there are no arguable issues for appeal. *Id.* at 748.

  (1)    Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)].

  (2)    As a part of the brief filed in compliance with Rule 28, counsel must

3

certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3)     Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4)     Should the defendant then raise any arguable issues or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5)     Once briefing is complete, the appellate court must consider the case on the merits and render a decision.

*Jackson v. State*, 382 So. 3d 502, 505 (Miss. 2024) (quoting *Lindsey*, 939 So. 2d at 748).

¶9.     Bradford's counsel averred that she adhered to all the requirements set forth in

*Lindsey*.  In her brief, she affirmed that she considered

(a)  the reason for the arrest and the circumstances surrounding Bradford's arrest; (b)  any possible violations of Bradford's right to counsel; (c)  the entire trial transcript and contents of the record; (d)  all rulings of the trial court; (e) possible prosecutorial misconduct; (f)  all jury instructions; (g)  all exhibits, whether admitted into evidence or not; (h)  possible misapplication of the law in sentencing; and (i)  the indictment and all of the pleadings in the record; and (j)  any possible ineffective assistance of counsel issues; and (k)  whether the verdict was supported by the overwhelming weight of the evidence.

Additionally, Bradford was delivered a copy of counsel's brief and was properly notified of

his opportunity to file a separate pro se brief.  Bradford declined to do so.

4

¶10.    In the absence of discernable error, the judgment of the trial court is affirmed.

¶11.    **AFFIRMED.**

¶12.    **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**